Dear Senator McPherson,
This office is in receipt of your opinion request of recent date wherein you inquired the following:
 (1) Is it a violation of Act 111 if a person is hunting and/or running a hog with dogs where there is no intent on the part of the participants to injure the dogs or the hog but where it is understood that such injury is possible or a reasonably likely outcome of the hunt?
 (2) Is it a violation of Act 111 if a person is running a hog with the intent to kill/harvest the hog?
[Act 111 was codified in LSA-RS 14:102.19.]
This office is of the opinion that the answers to your inquiries are found directly in LSA-R.S. 14:102.19 (A), (C) and (D), providing that:
 (A) It shall be unlawful for any person to organize or conduct any commercial or private event, wherein there is a display of combat or fighting among one or more domestic or feral canines and feral or domestic hogs and in which it is intended or reasonably foreseeable that the canines or hogs would be injured, maimed, mutilated, or killed. (Emphasis added).
 (C) The provisions of this section shall not apply to any competitive event in which canines, which are trained for hunting or herding activities, are released in an open area or an enclosed area to locate and corner hogs, and in which competitive points are deducted if a hog is caught and held, unless by such actions it is reasonably foreseeable that the canines or hogs would be injured, maimed mutilated or killed. (Emphasis added).
 (D) The provisions of this section shall not apply to the lawful hunting of hogs with canines or the use of canines for the management, farming, or herding of hogs which are livestock or private training of canines for the purposes enumerated in this subsection provided that such training is conducted in the field and is not in violation of the provisions of subsection A of this Section. (Emphasis added).
Subsections (C) and (D) of the statute are exceptions to Subsection (A). Subsection (C) applies to competitive events involving canines that are trained for hunting and herding. Subsection (D) allows for the lawful hunting of hogs with canines, the use of canines for the management, farming, or herding of hogs or the private training of canines.
Therefore, it is the opinion of this office that it is a violation of Act 111, if a person is hunting and/or running a hog with dogs where there is no intent on the part of the participants to injure the dogs or the hog but where it is understood that such injury is possible or reasonably likely outcome of the hunt. It is also the opinion of this office that this is not a violation if it takes place during a competitive event according to LSA-R.S. 14:102.19(C).
The statute, LSA-R.S. 14:102.19(C), does not require there to be an intention to injure (maim or kill), merely the reasonable foreseeability of said occurrence. A "likely possibility" would be reasonably understood by most men to be "reasonably foreseeable."
Lastly, your second inquiry is addressed in subsection (D). It is the opinion of this office that it is not a violation of Act 111 if a person is running a hog with the intent to kill/harvest the hog. The exception in subsection (D) specifically permits the lawful hunting of hogs with canines. Thus, the logical conclusion of the hunt, harvesting/killing, the hog would be an extension of said exception.
Very truly yours,
 CHARLES C. FOTI JR. ATTORNEY GENERAL